Aaron D. Aftergood (239853)
   aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Stephen A. Klein*
   sklein@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-4654
Facsimile: (303) 927-0809

*Pro Hac Vice* admission to be sought

Attorneys for Plaintiff and the Class

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **LUCINE TRIM,** individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>**LENDING 3, INC.** d/b/a **LENDING3**, a California corporation,<br><br>            Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

    1.    Plaintiff Lucine Trim ("Plaintiff" or "Trim") brings this Class Action Complaint against Defendant Lending 3, Inc. d/b/a Lending3 ("Defendant" or "Lending3") to stop Defendant's practice of placing calls to consumers who are registered on the National Do Not Call Registry and to obtain redress for all persons similarly injured by Defendant's conduct.

    2.    Plaintiff also seeks an award of statutory damages to the members of the

Class, plus court costs and reasonable attorneys' fees.

3.  Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

4.  Plaintiff Trim is a natural person over the age of eighteen (18) and is a citizen of the State of California. Plaintiff resides in North Hollywood, California.

5.  Defendant Lending3 is a corporation organized in and existing under the laws of the State of California, with its principal place of business located at 17220 Newhope Street #213, Fountain Valley, California 92708.

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq., a federal statute. This Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

7.  This Court has personal jurisdiction over Lending3 because it solicits significant business in this District, has entered into business contracts in this District, is incorporated in California and its principal place of business is located in this District, and a significant portion of the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

8.  Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district, made the calls from within this District, and because a significant portion of the wrongful conduct giving rise to this case occurred in, and/or emanated from this District

## COMMON ALLEGATIONS OF FACT

9. Defendant Lending3 is a mortgage lending company that markets and administers loans to homeowners and homebuyers across the country. Lending3 describes itself as making loans primarily to "refinance existing mortgages, consolidate other debt, finance home improvements, education" and other similar needs.[1] On its website, Lending3 includes a list of licensures in seventeen different states across the country (Alabama, Arkansas, Arizona, California, Colorado, Florida, Georgia, Idaho, Illinois, Maryland, Michigan, Ohio, Oregon, Pennsylvania, Tennessee, Texas, and Utah).[2]

10. Unfortunately for consumers, Lending3 casts its marketing net too wide. That is, in an attempt to promote its business and to generate leads for its loan products and services, Defendant conducted (and continues to conduct) a wide scale telemarketing campaign that repeatedly makes unsolicited autodialed calls to consumers' telephones, including cellular telephones, without prior express consent to make these calls. Indeed, while not at issue here, Lending3 places these calls to telephones using an ATDS without consumers' prior written express consent in violation of the TCPA.

11. Relevant to the instant case, Lending3 also places calls to telephones of consumers who have registered their phone numbers on the National Do Not Call Registry.

12. The Telephone Consumer Protection Act 47 U.S.C. § 227, et seq. ("TCPA") and its implementing regulations, 47 C.F.R. §64.1200, *et seq*. prohibit companies and persons, such as Defendant, from placing multiple, repeated calls to persons who have listed their phone numbers on the national Do Not Call registry.

---

[1] https://www.lending3.com/ (last visited February 16, 2023).
[2] *Id.*

CLASS ACTION COMPLAINT — - 3 -

13. In an effort to obtain leads for its services, Lending3 made (or directed to be made on its behalf) repeated calls to the telephones of Plaintiff and other members of the Class without first obtaining express consent to do so—in violation of the TCPA.

14. The TCPA was enacted to protect consumers from unauthorized calls exactly like those alleged in this Complaint—calls placed to numbers without prior express written consent to persons who listed their phone numbers on the Do Not Call list.

15. By making the unauthorized calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls as well as a loss of value realized for any monies that consumers paid to their carriers for the receipt of such calls. Furthermore, the calls interfered with and interrupted Plaintiff's and the other Class members' use and enjoyment of their phones, including the related data, software, and hardware components. Defendant also injured Plaintiff and Class members by causing wear and tear on their phones, consuming battery life, and appropriating cellular minutes and data.

16. At no time did Defendant obtain prior express consent from Plaintiff or the Class members orally or in writing to receive calls from Defendant notwithstanding the presence of their phone numbers on the Do Not Call list.

17. Defendant knowingly made, and continues to make, telemarketing calls to numbers on the Do Not Call list without the prior express consent of the recipients. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, it also intentionally and repeatedly violated the TCPA.

18. Defendant was, and is, aware that the autodialed calls described herein were made to consumers like Plaintiff who have not consented to receive them.

19. To the extent any third party made the calls, the third party acted on behalf of Defendant, at Defendant's direction and control, for Defendant's knowing benefit, and with Defendant's approval. Defendant ratified the making of any such calls.

20. To redress these injuries, Plaintiff, on behalf of herself and a Class of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited calls to telephones registered on the Do Not Call list.

21. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized calling activities to persons registered on the Do Not Call list and an award of statutory damages to the class members, together with pre- and post-judgment interest, costs and reasonable attorneys' fees.

## FACTS SPECIFIC TO PLAINTIFF

22. Plaintiff Trim is the subscriber to and customary user of the personal cellular telephone number ending in 2347.

23. Trim registered her cellular phone number on the National Do Not Call Registry on or around December 4, 2019.

24. On March 19, 2021, Plaintiff received a call from the phone number (818) 797-1431. Trim did not answer this call.

25. The following day, on March 20, 2021, Plaintiff received another call from the phone number (818) 797-1431. Trim likewise did not answer this call.

26. On March 22, 2021, Plaintiff received a third call from the phone number (818) 797-1431. When she answered this call, Plaintiff said "hello" several times before finally being connected to a female representative, who asked if she was speaking to Lucine.

27. The representative asked Plaintiff if she was interested in refinancing her home. In an effort to identify who was calling her, Plaintiff asked if she could be sent an email with information about the offering. The representative then transferred the call to another representative named Brian Pinsky. Following the call,

Brian Pinsky sent Trim an email with his contact information from the email address bpinsky@lending3.com.

28. Plaintiff does not have a relationship with Defendant, has never provided her telephone number directly to Defendant, and has never requested that Defendant place calls of any kind to her or offer her its services. She never consented at all. Trim has never provided any form of prior express written or oral consent to Defendant to place calls to her despite listing her number on the National Do Not Call Registry, and she has no business relationship with Lending3.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure Rules 23(b)(2) and 23(b)(3) on behalf of herself and a Class defined as follows:

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of the initial complaint in this action to the present: (1) Defendant, or a third person acting on behalf of Defendant, called more than one time on his/her telephone; (2) within any 12-month period; (3) where the telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of marketing or offering Lending3's loan products and services; and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call Plaintiff.

30. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have

been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

31. **Numerosity:** The exact number of class members is unknown to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed unsolicited calls to thousands of consumers who fall into the defined Class. Members of the Class can be objectively identified through reference to Defendant's records, consumer phone records, and other evidence to be gained in discovery.

32. **Typicality:** As a result of Defendant's uniform and repeated pattern of unlawful recording, Plaintiff and the class members suffered the same injury and similar damages. If Defendant's actions violated the TCPA as to Plaintiff, then it violated the TCPA as to all class members. Thus, Plaintiff's claim is typical of the claims of the other class members.

33. **Adequate Representation:** Plaintiff is a member of the Class and both she and her counsel will fairly and adequately represent and protect the interests of the Class, as neither has interests adverse to those of the class members and Defendant has no defenses unique to Plaintiff. In addition, Plaintiff has retained counsel competent and experienced in complex litigation and class actions. Further, Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and they have the financial resources to do so.

34. **Conduct Applicable Towards Class as a Whole:** Defendant acted consistently with respect to every member of the Class. No Class Member was treated specially or different as Defendant acted in the same manner with respect to all Class Members. As such, injunctive relief and corresponding declaratory relief are available and appropriate.

35. **Commonality and Predominance:** There are many questions of law

and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether Defendant systematically made unsolicited telephone calls to consumers whose telephone numbers were registered with the National Do Not Call Registry;

(c) Whether any third party made the calls and, if so, whether Defendant is liable for such calls;

(d) Whether Plaintiff and the other members of the Class are entitled to statutory damages; and

(e) Whether Defendant acted willfully so as to require an award of treble damages.

36. **Superiority and Manageability:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if class members could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of

decisions ensured.

## CAUSE OF ACTION
### Violation of the TCPA, 47 U.S.C. § 227, *et seq.*
### (On behalf of Plaintiff and the Do Not Call Registry Class)

37. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

38. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy and their right to avoid receiving telephone solicitation to which they object.

39. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

40. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, '*Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe

that wireless subscribers should be afforded the same protections as wireline subscribers.[3]

41. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

---

[3] 68 Fed. Reg. 44143, 44166 (July 25, 2003).

CLASS ACTION COMPLAINT - 10 -

       (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

       (5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

       (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

42. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers like the Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in 47 C.F.R. § 64.1200(d)(3).

43. Defendant made multiple unsolicited telephone calls to Plaintiff Trim and the other members of the Do Not Call Registry Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and the other

members of the Class never provided any form of consent to receive telephone calls from Defendant, and Defendant does not have a current record of consent to place telemarketing calls to them.

44. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Class members suffered actual harm and, under 47 U.S.C. § 227(c), are each entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

45. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lucine Trim, on behalf of herself and the Class, prays for the following relief:

A. An order certifying the Do Not Call Class as defined above, appointing Plaintiff Lucine Trim as the representative of the Class and appointing her counsel as Class Counsel;

B. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

C. An order declaring that Defendant's actions, as set out above, violate the TCPA;

D. An award of pre- and post-judgment interest;

E. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

      F.    Such other and further relief that the Court deems reasonable and just.

### JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: May 25, 2023

**LUCINE TRIM**, individually and on behalf of all others similarly situated,

By:   */s/ Aaron D. Aftergood*
      One of Plaintiff's Attorneys

Aaron D. Aftergood (239853)
  aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Stephen A. Klein*
sklein@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-4654
Facsimile: (303) 927-0809

*Pro Hac Vice* admission to be sought

*Counsel for Plaintiff and the Class*